**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| MICHAEL WAGNER, individually and on behalf of all others similarly situated,<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>CLC RESORTS AND DEVELOPMENTS, INC., a Florida corporation, SURREY VACATION RESORTS, INC. (d/b/a Grand Crowne Resorts), a Missouri corporation, and PASSPORT HOLIDAYS, LLC, a Florida limited liability company,<br><br>　　　　　*Defendants*. | Case No.<br><br>6:14-cv-281-Orl-31GJK |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff Michael Wagner ("Wagner") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants CLC Resorts and Developments, Inc. ("CLC"), Surrey Vacation Resorts, Inc. d/b/a Grand Crowne Resorts ("Surrey"), and Passport Holidays, LLC ("Passport") (collectively, "Defendants") to stop their practice of making unsolicited calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by their conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Defendants CLC, Surrey, and Passport work together to market and sell timeshares to a variety of resorts and vacation properties throughout the world.

2. For their parts, CLC and Surrey own and operate vacation and resort properties.

Passport, on the other hand, is a company that markets vacation and timeshare offers on behalf of third parties like CLC and Surrey.

3. In an attempt to drive new customers to their timeshare properties, Defendants hired Passport to assist them in placing unsolicited calls to the cellular telephones of consumers nationwide—without prior express consent—in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

4. Neither Plaintiff nor the other members of the proposed Classes ever provided their cellular telephone numbers to Defendants or their agents for the purpose of receiving telemarketing calls.

5. By making, or having made on their behalf, the telephone calls at issue in this Complaint, Defendants caused Plaintiff and the members of the Classes actual harm, including the aggravation and nuisance, and the invasion of personal privacy, that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their wireless telephone carriers for the receipt of such calls.

6. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff Michael Wagner is a natural person and citizen of the State of South Carolina.

8. Defendant CLC Resorts and Developments, Inc. is a corporation incorporated in

and existing under the laws of the State of Florida, with its principal place of business located at 3070 Secret Lake Drive, Kissimmee, Florida 34747. CLC conducts business throughout this District, the State of Florida, and the United States.

9. Defendant Surrey Vacation Resorts, Inc. (d/b/a Grand Crowne Resorts) is a corporation incorporated in and existing under the laws of the State of Missouri, with its principal place of business located at 430C State Highway 165 South, Branson, Missouri 65616. Surrey conducts business throughout this District, the State of Florida, and the United States. Specifically, Surrey is registered to conduct business with the Florida Secretary of State as entity number 431642330.

10. Defendant Passport Holidays, LLC is a limited liability company organized in and existing under the laws of the State of Florida, with its principal place of business located at 209 South Halifax, Suite 102, Daytona Beach, Florida 32118. Passport conducts business throughout this District, the State of Florida, and the United States.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA. This Court has personal jurisdiction over Defendants because Defendants are registered to conduct business in this District and do conduct significant business transactions in this District, solicit consumers in this District, and because Defendants made and continue to place unsolicited calls from this District.

12. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant CLC resides in this District, Defendants CLC, Surrey, and Passport are registered to conduct business in this District, and because Defendants conduct significant business transactions in this District.

## COMMON FACTUAL ALLEGATIONS

13.     Defendants CLC and Surrey operate resort and time share businesses throughout the United States.[1]

14.     In an attempt to promote their timeshare offers, CLC and Surrey made and continue to make telemarketing calls to consumers to direct them to attend timeshare presentations and, in turn, to purchase their timeshares.

15.     In addition to making these telemarketing calls from their own telemarketing facilities, CLC and Surrey hired Defendant Passport to make such calls. In placing these calls, the telemarketers specifically stated that the calls were being placed by CLC World (*i.e.*, Defendant CLC's brand name). And, for certain of their offers, the telemarketers also directed consumers to visit the Grand Crowne Resorts Welcome Center located at 9662 North Kings Highway in Myrtle Beach, South Carolina.

16.     In making the calls at issue in this Complaint, Defendants, and/or their agents, utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendants and/or their agents had the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in

---

[1]     While Defendants CLC and Surrey own and operate separate businesses with separate resorts, they both also work closely with non-party Interval Leisure Group, Inc. (d/b/a Interval International), a worldwide timeshare management and exchange company. Both Defendants have long-term agreements with Interval International to provide services to their timeshare owners as well as provide additional vehicles for Defendants to sell new timeshare properties. On information and belief, one such service is to facilitate timeshare companies—like CLC and Surrey—working together to drive consumers to their resorts. Because CLC and Surrey do not have timeshare properties in overlapping markets, it is in their joint interest to work together to obtain new customers. For example, CLC World's "Vacation Club Directory of Resorts" prominently features Defendant Surrey's Grand Crowne Resorts as a resort opportunity available to its customers through Interval International. *See* http://content.yudu.com/Library/A2437q/CLCWORLD/resources/392.htm (last visited on February 17, 2014).

an automated fashion without human intervention. The automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest (or placing them on hold). Accordingly, consumers receiving calls from Defendants and/or their agents are frequently confronted with dead air or the sound of the call being disconnected (otherwise known as an "abandoned call").

17. Neither Plaintiff nor the other members of the proposed Classes ever provided their cellular telephone numbers to Defendants or their agents for the purpose of receiving telemarketing calls.

18. Defendants are aware that the above-described telephone calls were and are being made to consumers without those consumers' prior express consent.

## FACTS SPECIFIC TO PLAINTIFF WAGNER

19. In or around January 2014, Plaintiff Wagner received several calls from (877) 679-3685 on his cellular telephone.

20. When Plaintiff answered some of these calls, he was told that the call was from "CLC World" and that he had a "tablet waiting for him" if he would attend a 90 minute timeshare presentation at 9662 North Kings Highway in Myrtle Beach and pick up information about the "Grand Crown Travel Service." The first time Plaintiff answered one of Defendants' calls he informed the telemarketer that he did not want to receive any further calls.

21. However, in direct contrast to that request, the calls continued, often occurring multiple times per day.

22. The express purpose of these calls was to sell Defendants' timeshare products to Plaintiff.

5

23. Plaintiff did not answer the vast majority of calls because he recognized the telephone numbers on his caller ID as belonging to Defendants.

24. Plaintiff received calls from Defendants on (at least) January 22nd, 24th, 29th, 30th, and 31st 2014. Plaintiff informed Defendants on January 22nd and 24th 2014 that he was not interested in their products and demanded that they stop making calls to his cellular telephone.

25. Because Plaintiff had requested the calls stop on numerous occasions and found the calls to be harassing, Plaintiff eventually called the number back and engaged the telemarketer regarding the services offered in order to determine who in fact was calling him.

26. Plaintiff did not provide his cellular telephone number to Defendants, or any of Defendants agents or partners, for telemarketing purposes and did not consent to receive telemarketing calls from Defendants or their agents.

27. Plaintiff's cellular telephone number has been registered with the National Do Not Call Registry since September 18, 2012.

## CLASS ALLEGATIONS

28. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and two classes (the "Classes") defined as follows:

> **Cell Phone Class**: Any person in the United States who (1) received a telephone call; (2) on his or her cellular phone; (3) made by or on behalf of Defendants; (4) made using an automatic telephone dialing system; (5) promoting Defendants' timeshare or other vacation offers; and (6) for whom Defendants have no record of consent to call him or her.
>
> **Cell Phone Do Not Call Registry Class**: Any person in the United States who (1) received more than one telephone call; (2) on his or her cellular phone; (3) made by or on behalf of Defendants; (4) promoting Defendants' timeshare or other vacation offers; (5) within any 12-month period; (6) while that cellular phone number was registered with the National Do Not Call Registry; and (7) for whom Defendants have no record of consent to call him or her.

6

Excluded from the Classes are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendants, and (5) the legal representatives, successors, or assigns of any such excluded person.

29. **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have made unsolicited telephone calls to thousands of consumers who fall into the definitions of the Classes. Members of the Classes can be identified through Defendants' records.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) whether Defendants' conduct constitutes a violation of the TCPA;

    (b) whether the equipment Defendants used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    (c) whether Defendants systematically made telephone calls to persons who did not previously provide them with prior express consent to receive such

telephone calls;

(d) whether Defendants systematically made telephone calls to individuals whose telephone numbers were registered with the National Do Not Call Registry; and

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

31. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and he has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff.

33. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes as a whole. Defendants' policies challenged herein apply and affect members of the Classes uniformly and Plaintiff's challenge of these policies hinges on Defendants' conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Classes. The

factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes. Plaintiff and the members of the Classes have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

34. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b)
### (On behalf of Plaintiff and the Cell Phone Class)

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Defendants and/or their agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Cell Phone Class without their prior express consent to receive such calls.

37. Defendants and/or their agents made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

38. Defendants utilized equipment that made the telephone calls to Plaintiff and other members of the Cell Phone Class simultaneously and without human intervention.

39. By making unsolicited telephone calls to Plaintiff and members of the Cell Phone Class's cellular telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

40. As a result of Defendants' unlawful conduct, Plaintiff and the members of the Cell Phone Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

41. Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Cell Phone Class.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)(5)**
**(On behalf of Plaintiff and the Cell Phone Do Not Call Registry Class)**

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. 47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may," bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to

avoid receiving telephone solicitations to which they object.

44. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

45. 47 C.F.R. § 64.1200(e), provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

46. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person

or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for *5* years from the time the request is made.

47. Defendants violated § 64.1200(c) by initiating telephone solicitations, or directing a third party to initiate telephone solicitations on their behalf, to wireless telephone subscribers such as Plaintiff and the Cell Phone Do Not Call Registry Class members who registered their respective cellular telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested not to receive calls from Defendants, as set forth in § 64.1200(d)(3).

48. Defendants and/or their agents made more than one unsolicited telephone call to Plaintiff and members of the Cell Phone Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls.

49. Defendants violated § 64.1200(d) by initiating, or directing to initiate, calls for telemarketing purposes to wireless telephone subscribers, such as Plaintiff and the Cell Phone Do

Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

50. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the Cell Phone Do Not Call Registry Class received more than one telephone call within a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Cell Phone Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

51. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the members of the Cell Phone Do Not Call Registry Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Michael Wagner, individually and on behalf of the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Michael Wagner as representative of the Classes, and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all unsolicited calling activities, and otherwise protecting the interests of the Classes;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**MICHAEL WAGNER**, individually and on behalf of all others similarly situated,

Dated: February 17, 2014          By: _____
                                       One of Plaintiff's Attorneys

Stefan Coleman, Esq.
Florida Bar Identification Number 30188
LAW OFFICES OF STEFAN COLEMAN, LLC
201 South Biscayne Blvd, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946
law@stefancoleman.com

Jay Edelson*
Rafey S. Balabanian*
Ari J. Scharg*
John Ochoa*
Mark Eisen*
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
jedelson@edelson.com
rbalabanian@edelson.com
ascharg@edelson.com
jochoa@edelson.com
meisen@edelson.com

*Pro hac vice* admission to be sought.