## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MICHAEL WAGNER, individually and )
on behalf of all others similarly situated, )
                                          )
     Plaintiff,                        )
                                          )
v.                                        )    Case No.
                                          )    6:14-cv-281-ORL-31GJK
CLC RESORTS AND DEVELOPMENTS, )
INC., a Florida Corporation,              )
SURREY VACATION RESORTS, INC.             )
d/b/a Grand Crown Resorts,                )
a Missouri corporation, and               )
PASSPORT HOLIDAYS, LLC                    )
a Florida limited liability company,      )
                                          )
_____Defendants._____)

### DEFENDANT SURREY VACATION RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, SURREY VACATION RESORTS, INC. ("Defendant" or "Surrey")), subject to the defenses set forth herein, answers the individually numbered paragraphs of Plaintiff's Class Action Complaint and Demand for Jury Trial ("Complaint") as follows:

1.    In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant denies that it "work[s] together" to market and sell timeshares to resorts and vacation properties throughout the world.

2.    In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits that it owns and operates vacation and resort properties. Defendant is without knowledge or information sufficient to form a belief as to the remaining

allegations contained in Paragraph 2 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said allegations.

3. Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said allegations. By way of further response, Defendant states that it operates its business in accordance with all local, state and federal laws.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant states that no response is required. To the extent any response is required; Defendants deny that it has committed any unlawful conduct, and, accordingly, Defendant denies that any injunction can issue.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said allegations.

9. In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to

the allegation that it "conducts business" throughout this District, the State of Florida, and the United States. Accordingly, Defendant must hereby deny said allegations. Defendant admits the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said allegations.

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint. Defendant specifically denies that any cognizable claim under the TCPA or that it made (or continues to make) any unsolicited calls from this District.

12.     In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits that it is registered to "conduct business" in this District. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint. Defendant specifically denies that any cognizable claim under the TCPA or that it made (or continues to make) any unsolicited calls from this District.

13.     In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, while Defendant admits it operates resorts, it denies that it does so "throughout the United States."

14.     In response to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Defendant denies that it made (or continues to make) any unsolicited calls from this District. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said allegations.

3

15.     In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant denies that it hired Defendant Passport to make telemarketing calls. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said allegations.

16.     In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant denies that it utilizes an automatic dialing system ("ATDS") or made any telemarketing calls to any consumer. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said allegations.

17.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Complaint (as neither Plaintiff nor members of the putative class have disclosed their cellular telephone numbers). Accordingly, Defendant must hereby deny said allegations.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said allegations.

20.     In response to the allegations contained in Paragraph 20 of Plaintiff's Complaint, Defendant denies calling Plaintiff for telemarketing/solicitation purposes. Defendant is without knowledge or information sufficient to form a belief as to the remaining

allegations contained in Paragraph 20 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said remaining allegations.

21.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said allegations.

22.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said allegations.

23.     In response to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendant denies calling Plaintiff for telemarketing/solicitation purposes, and thus denies that its telephone number would be reflected on any caller ID service. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said remaining allegations.

24.     In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendant denies calling Plaintiff for telemarketing/solicitation purposes. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said remaining allegations.

25.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiff's Complaint. Accordingly, Defendant must hereby deny said allegations.

26.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiff's Complaint (as Plaintiff has not disclosed his cellular telephone number).   Accordingly, Defendant must hereby deny said allegations.

27.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint (as Plaintiff has not disclosed his cellular telephone number).   Accordingly, Defendant must hereby deny said allegations.

28.     In response to Paragraph 28 of Plaintiff's Complaint, Defendant states that no response is required.   To the extent any response is required, Defendant states that the terms of the Federal Rules of Civil Procedure speak for themselves and deny the allegations contained in Paragraph 28 of Plaintiff's Complaint to the extent same differ from those terms.

29.     In response to Paragraph 29 of Plaintiff's Complaint, Defendant denies making any unsolicited telephone call.   Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.  Accordingly, Defendant must hereby deny said allegations.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     In response to Paragraph 35 of Plaintiff's Complaint, Defendants repeat and re-allege each of their affirmative defenses and responses to Paragraphs 1 through 34 in full as if set forth verbatim herein.

36.     Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     In response to Paragraph 42 of Plaintiff's Complaint, Defendants repeat and re-allege each of their affirmative defenses and responses to Paragraphs 1 through 41 in full as if set forth verbatim herein.

43.     In response to Paragraph 43 of Plaintiff's Complaint, Defendant states that no response is required. To the extent any response is required, Defendant states that the terms of the TCPA speak for themselves and deny the allegations contained in Paragraph 43 of Plaintiff's Complaint to the extent same differ from those terms.

44.     In response to Paragraph 44 of Plaintiff's Complaint, Defendant states that no response is required. To the extent any response is required, Defendant states that the terms of the terms of the federal regulation cited speak for themselves and deny the allegations contained in Paragraph 44 of Plaintiff's Complaint to the extent same differ from those terms.

45.     In response to Paragraph 45 of Plaintiff's Complaint, Defendant states that no response is required. To the extent any response is required, Defendant states that the terms of the terms of the federal regulation cited speak for themselves and deny the allegations contained in Paragraph 45 of Plaintiff's Complaint to the extent same differ from those terms.

46.     In response to Paragraph 46 of Plaintiff's Complaint, Defendant states that no response is required. To the extent any response is required, Defendant states that the terms of the terms of the federal regulation cited speak for themselves and deny the allegations contained in Paragraph 46 of Plaintiff's Complaint to the extent same differ from those terms.

8

47.     Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

52.     Defendant denies that Plaintiff is entitled to any of the relief he seeks in connection with this case, including the relief listed by Plaintiff following Paragraph 51 of Plaintiff's Complaint.  Defendant further denies that either Plaintiff is a qualified class action representative, or that class action certification is appropriate in this civil action.

## GENERAL DENIAL

53.     All other allegations, claims, and prayers contained in Plaintiff's Complaint that have not been specifically admitted or denied are hereby denied by Defendant in their entirety.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

54.    Plaintiff's Complaint is barred to the extent same purports to bring claims on behalf of any individuals other than the named Plaintiff, Michael Wagner, because Michael Wagner is the only named Plaintiff and the Complaint fails to state a claim for class action certification pursuant to Fed. R. Civ. P. 23.

### SECOND DEFENSE

55.    Plaintiff's Complaint is barred to the extent same fails to state any claim upon which relief can be granted.

### THIRD DEFENSE

56.    Plaintiff's claims are barred to the extent same involve transactions or events or seek damages for periods of time outside the applicable statute of limitations for such claims.

### FOURTH DEFENSE

57.    Plaintiff's claims are barred, in whole or in part, because Plaintiff is estopped by Plaintiff's own conduct from recovery on the alleged claims.

### FIFTH DEFENSE

58.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring the alleged claims.

### SIXTH DEFENSE

59.    Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to Defendant's alleged acts and/or omissions.

10

### SEVENTH DEFENSE

60.     Plaintiff's claims are barred, in whole or in part, because Defendant's alleged acts and/or omissions were justified and authorized.

### EIGHTH DEFENSE

61.     Defendant reserves the right to allege further defenses as they may become known through the course of discovery.

### NINTH DEFENSE

62.     The Telephone Consumer Protection Act ("TCPA") does not apply to the acts, occurrences, or omissions alleged within Plaintiff's Complaint as no sale of any product or service was attempted or completed on the telephone.  Further, Defendant has satisfied the requirements in accordance with the "Safe Harbor Provisions" of the TCPA, contained in Section 227(c)(5) of the TCPA. Therefore, Defendant is exempt from liability under the TCPA.

### CLASS ACTION DEFENSES

### FIRST CLASS ACTION DEFENSE

63.     Plaintiff's Complaint is barred to the extent that it purports to bring claims on behalf of any individuals other than the named Plaintiff, Michael Wagner, because Michael Wagner is the only named Plaintiff and the Complaint fails to state a claim for class action certification pursuant to Fed. R. Civ. P. 23.

## SECOND CLASS ACTION DEFENSE

64.     Claims of putative class members are barred by applicable statutes of limitations.

## THIRD CLASS ACTION DEFENSE

65.     The putative classes should not be certified because the class definition in paragraph 28 of the Complaint is overbroad and insufficiently specific to identify any class members.

## FOURTH CLASS ACTION DEFENSE

66.     The putative classes should not be certified because this case would be unmanageable if either class defined in paragraph 28 of the Complaint were to be certified.

## FIFTH CLASS ACTION DEFENSE

67.     The putative classes should not be certified because common issues of law and fact do not exist, as required by Fed.R.Civ.P.23(a)(2).

## SIXTH CLASS ACTION DEFENSE

68.     The putative classes should not be certified because the claims of the named Plaintiff are not typical, as required by Fed.R.Civ.P.23(a)(3).

## SEVENTH CLASS ACTION DEFENSE

69.     The putative classes should not be certified because the named Plaintiff is not an adequate class representative as required by Fed.R.Civ.P.23(a)(4) and Plaintiff does not represent the putative classes defined in paragraph 28 of the Complaint.

## EIGHTH CLASS ACTION DEFENSE

70.     The putative classes should not be certified because common questions of law and fact do not predominate over individual questions, as required by Fed.R.Civ.P.23(b)(3).

## NINTH CLASS ACTION DEFENSE

71.     A putative class asserting claims for violations of the TCPA, 47 U.S.C. §227(b) alleged in the First Cause of Action should not be certified because individual questions regarding whether or not class members are or were customers of the Defendant or were contacted by the Defendant in violation of the TCPA predominate issues common to the class.

## TENTH CLASS ACTION DEFENSE

72.     A putative class asserting claims for violations of 47 U.S.C. §227(c)(5), Do-Not-Call List as alleged in the Second Cause of Action should not be certified because individual questions regarding whether putative class members instructed the Defendant not to call them and whether more than one unsolicited telephone call was made by the Defendant to a class member within "any 12 month period" predominate over issues common to the class.

## ELEVENTH CLASS ACTION DEFENSE

73.     A class action should not be certified because a class action is not the superior method to adjudicate the controversy since the facts and circumstances relating to the putative class members asserting claims for violations of the TCPA shall differ from class member to class member.

## CONCLUSION

74.    WHEREFORE, Defendant demands dismissal of Plaintiff's Complaint and request judgment in their favor and against Plaintiff, with all costs and reasonable attorney's fees assessed against Plaintiff.

Respectfully submitted,

Dated: March 13, 2014                    By: _____
Attorneys for Defendant,
SURREY VACATION RESORTS, INC.
D/B/A GRAND CROWN RESORTS

K. MICHAEL SWANN, ESQUIRE
Florida Bar No. 0442410
Snyderburn, Rishoi & Swann, LLP
2250 Lucien Way, Suite 140
Maitland, Florida 32751
Telephone:    (407) 647-2005
Facsimile:    (407) 647-1522
E-Mail: mswann@srslaw.net


JOSEPH C. SULLIVAN, ESQUIRE*
Taylor English Duma LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone:    (770) 434-6868
Facsimile:    (770) 434-7376
E-Mail: jsullivan@taylorenglish.com

*Pro Hac Vice admission to be sought

14

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2014, I electronically filed *Defendants' Answer and Affirmative Defenses* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to Plaintiff's attorneys of record:

Stefan Coleman, Esquire
Law Offices of Stefan Coleman
201 South Biscayne Boulevard – 28th Floor
Miami, Florida 33131
law@stefancoleman.com

K. MICHAEL SWANN, ESQUIRE

1690/Motion1 Answer & Affirmative Defenses 3-13-14

15