IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL WAGNER, individually and on behalf of all others similarly situated,

    *Plaintiff*,

v.

CLC FRACTIONAL LLC, a Florida limited liability company, SURREY VACATION RESORTS, INC. (d/b/a Grand Crowne Resorts), a Missouri corporation, and PASSPORT HOLIDAYS, LLC, a Florida limited liability company,

    *Defendants*.

Case No. 6:14-cv-00281-GAP-GJK

CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
| --- | --- |
| Mandatory Initial Disclosures | May 22, 2014 |
| Deadline for Defendant Passport Holidays, LLC to file Certificate of Interested Persons and Corporate Disclosure Statement | April 29, 2014 |
| Further ESI Conference | May 14, 2014 at 10:00 a.m. |
| Motions to Add Parties or to Amend Pleadings | July 31, 2014 |
| Plaintiff's Deadline to file Amended Motion and Memorandum in Support of Class Certification | By or before December 15, 2014 |
| Defendants' Deadline to Respond to Plaintiff's Amended Motion and Memorandum in Support of Class Certification | January 15, 2015[1] |

---

[1] The parties agree that, should Plaintiff submit his Memorandum of Law in Support of his Motion for Class Certification substantially before the December 15, 2014 deadline set forth herein, they will work together to coordinate a mutually agreeable earlier deadline than the January 15, 2015 date set forth herein for Defendants to file their response.

1

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Plaintiff's Deadline to file Reply in Support of Amended Motion and Memorandum in Support of Class Certification if permitted by the Court | February 5, 2015 |
| Plaintiff's Deadline to Disclose Expert Reports | January 12, 2015 |
| Defendant's Deadline to Disclose Expert Reports | March 12, 2015 |
| Discovery Deadline [Defendant's reserve the right to seek bifurcation of discovery between issues relating to class certification and those relating to the merits of the case] | April 1, 2015 |
| Dispositive Motions | July 1, 2015 |
| *Daubert* Motions | August 3, 2015 |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement | September 10, 2015 |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with CD or emailed to chambers_FLMD_Presnell@flmd.uscourts.gov), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) | September 22, 2015 |
| All Other Motions Including Motions *In Limine* | October 15, 2015 |
| Final Pretrial Conference | To be set by Court |
| Trial Briefs | November 15, 2015 |
| Trial Term Begins | November 30, 2015 |
| Estimated Length of Trial | 7 days |
| Jury / Non-Jury | Jury |
| Mediation Deadline: <br><br> Mediator:  Emery Rosenbluth <br> Address:   1015 Maitland Center Commons Blvd. <br>                  Maitland, FL 32751 <br><br> Telephone:  (321) 263-0300 | By or before March 16, 2015 |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____  No  X  <br><br> Likely to Agree in Future: No |

I.   **Meeting of Parties in Person**

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held in person in the Middle District of Florida on April 22, 2014, at 2:00 p.m. at the offices of Baker Hostetler LLP, 200 S. Orange Ave., Orlando, Florida 32801, and was attended by:

| | |
|---|---|
| John C. Ochoa | Counsel for Plaintiff Michael Wagner |
| Jerry Linscott | Counsel for Defendant CLC Fractional LLC |
| Julie Singer Brady | Counsel for Defendant CLC Fractional LLC |
| K. Michael Swann | Counsel for Defendant Surrey Vacation Resorts, Inc. |
| Joseph Sullivan | Counsel for Defendant Surrey Vacation Resorts, Inc. |
| Lina Melendez | Counsel for Defendant Passport Holidays LLC |

II.   **Pre-Discovery Initial Disclosures of Core Information**

   **Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by **May 22, 2014**.

III.   **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that one or more of the parties anticipate the disclosure or discovery of ESI in this case. The parties discussed the items detailed in the Court's draft case management report, and have scheduled a further ESI conference for **May 14, 2014 at 10:00 a.m.** At this time, the parties have no disagreements on any of the issues listed in the Court's draft case management report.

IV. **Agreed Discovery Plan for Plaintiffs and Defendants**

    A. **Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Defendant Passport Holidays LLC has not yet filed a Certificate of Interested Persons and Corporate Disclosure Statement, but will do so before **April 29, 2014**. Passport has already filed an unopposed Motion for leave to file a Certificate of Interested Persons and Corporate Disclosure Statement.

    B. **Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f).

    C. **Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates,

deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29.

In addition to the deadlines in the above table, the parties have agreed to the discovery rules set forth in the Federal Rules of Civil Procedure.

    **D.    Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree that discovery shall be open for all purposes, except that Defendants reserve the right to object to discovery issued prior to the Plaintiff's Deadline to File an Amended Motion and Memorandum in Support of Class Certification on the grounds that Plaintiff seeks discovery solely related to the merits of this case.

    **E.    Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

    **F.    Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the

public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree to enter into a stipulated protective order amongst themselves that will allow for the designation of certain discovery materials as "confidential," and will further provide for the clawback of inadvertently produced privileged documents.

  G. **Other Matters Regarding Discovery —**

None at this time.

**V.** **Settlement and Alternative Dispute Resolution.**

  A. **Settlement —**

    The parties agree that settlement is

 X   likely  _____   unlikely        (check one)

    The parties request a settlement conference before a United States Magistrate Judge.

    yes     _____ no     X   likely to request in future:  No.

  B. **Arbitration —**

    The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

yes  _____  no   X   likely to agree in future:  No.

_____ Binding            _____Non-Binding

**C.     Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.     Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution: Court-annexed mediation as detailed in Chapter 9 of the Local Rules.

Date: May 7, 2014

Respectfully Submitted by:

| | |
|---|---|
| /s/  John C. Ochoa | /s/ Julie Singer Brady |
| John C. Ochoa (Admitted *Pro Hac Vice*) | Julie Singer Brady |
| EDELSON PC | Florida Bar No. 0389315 |
| 350 North LaSalle Street, Suite 1300 | **Baker & Hostetler, LLP** |
| Chicago, Illinois 60654 | 2300 SunTrust Center |
| Tel: 312.589.6370 | 200 S. Orange Ave. |
| Fax: 312.589.6378 | Orlando, Florida 32801 |
| jochoa@edelson.com | Tel: 407.649.4000 |
| | Fax: 407.841.0168 |
| *Counsel for Plaintiff Michael Wagner* | jsingerbrady@bakerlaw.com |
| | *Counsel for Defendant CLC Fractional LLC* |

| | |
|---|---|
| /s/  K. Michael Swann<br>K. Michael Swann<br>Florida Bar No. 0442410<br>Snyderburn, Rishoi & Swann, LLP<br>2250 Lucien Way, Suite 140<br>Maitland, Florida 32751<br>Tel: 407.647.2005<br>Fax: 407.647.1522<br>mswann@srslaw.net<br><br>*Counsel for Defendant Surrey Vacation Resorts, Inc.* | /s/  Sarah L. Morrison<br>Sarah L. Morrison<br>Florida Bar No. 91192<br>Smith Hood Bigman<br>444 Seabreeze Blvd., Suite 900<br>Daytona Beach, Florida 32118<br>Tel: 386.254.6875<br>Fax: 386.257.1834<br>smorrison@daytonalaw.com<br><br>*Counsel for Defendant Passport Holidays, LLC* |