**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL WAGNER,**

                          **Plaintiff,**

**v.**

                                                    **Case No:      6:14-cv-281-Orl-31GJK**

**CLC RESORTS AND**
**DEVELOPMENTS, INC., SURREY**
**VACATION RESORTS, INC. and**
**PASSPORT HOLIDAYS, LLC,**

                          **Defendants.**
_____

**ORDER**

This matter is before the Court on Motions to Dismiss filed by Defendants CLC Resorts and

Developments, Inc. ("CLC"), Surrey Vacation Resorts, Inc. ("Surrey"), and Passport Holidays, LLC

("Passport") (collectively, "Defendants") (Docs. 43, 44, 50), and Plaintiff Michael Wagner's

("Wagner") responses thereto (Docs. 55, 56, 57).

**I.     Background**

Wagner alleges that CLC and Surrey contracted with Passport to assist them with marketing

their respective resort and timeshare offers to potential consumers.   (Doc. 39 ¶¶ 15-16).   Passport

would place telephone calls to potential consumers by utilizing an automatic telephone dialing

system ("ATDS").   (*Id.* ¶ 28).   Wagner alleges that Passport called him on behalf of CLC and

Surrey several times in January 2014.   (*Id.* ¶¶ 33-34, 41).   Wagner alleges that he did not give the

Defendants consent to call his cellular number (*id.* ¶¶ 44-46), and that his cellular number was on

the National Do Not Call Registry during that time (*id.* ¶ 47).

Wagner filed an amended complaint on April 17, 2014, alleging that the Defendants violated 47 U.S.C. § 227(b)(1)A(iii) and 47 U.S.C. § 227(c)(5) of the Telephone Consumer Protection Act ("TCPA").   (Doc. 39).   Defendants filed motions to dismiss Wagner's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to make relatively specific allegations, as further explained below.   Upon consideration, the Court finds that the motions to dismiss are due to be denied.

## II.   Standard of Review

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   A complaint is subject to dismissal under Rule 12(b)(6) if it does not allege sufficient facts to "raise a right to relief above the speculative level."   *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must contain "well-pled allegations" of fact that are sufficient "to state a claim to relief that is plausible on its face."   *Twombly*, 550 U.S. at 570.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 662 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).   In deciding a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true.   *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).   In addition, all reasonable inferences should be drawn in favor of the plaintiff. *Id.*

## III.   Analysis

A.      **TCPA Claim Under Section 227(b)**

To state a TCPA claim for a violation of 47 U.S.C. §227(b)(1)(A)(iii), a plaintiff must allege:

(1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the

plaintiff's prior express consent.   *See Breslow v. Wells Fargo Bank N.A.,* 857 F. Supp. 2d 1316,

1319 (S.D. Fla. 2012).   According to the FCC's interpretation of the relevant statutes, a defendant

may not be held directly liable for a violation of either Section 227(b) or Section 227(c) unless it

initiates the call at issue, but it may be held vicariously liable under federal common-law agency

principles for calls made by a third-party telemarketer.   *In re Joint Petition filed by Dish Network*

*LLC*, 28 FCC Rcd. 6574, 6582 (2013).

> The FCC views agency broadly; a [defendant] may be liable for
> third-party acts under the principles of formal agency, apparent
> authority and ratification.   *Dish Network* at 6584.   "The classical
> definition of 'agency' contemplates 'the fiduciary relationship that
> arises when one person (a 'principal') manifests assent to another
> person (an 'agent') that the agent shall act on the principal's behalf
> and subject to the principal's control.'"   *Id.* at 6586 (quoting
> Restatement (Third) of Agency ("Restatement") § 1.01).   The
> doctrine of apparent authority "holds a principal accountable for the
> results of third-party beliefs about an actor's authority to act as an
> agent when the belief is reasonable and is traceable to a
> manifestation of the principal."   *Id.* (quoting Restatement § 2.03,
> cmt. c).   And the doctrine of ratification provides that a principal
> may be liable if it ratifies the acts of an agent by knowingly
> accepting the benefits of the acts, such as "through conduct
> justifiable only on the assumption that the person consents to be
> bound by the act's legal consequences."   *Id.* at 6587 (quoting
> Restatement § 4.01, cmt. d).

*Palm Beach Golf Center-Boca, Inc., v. Sarris*, 981 F.Supp.2d 1239, 1249 (S.D. Fla. 2013).

1.      **Wagner's Section 227(b) Claim Against Surrey**

Surrey contends that Wagner fails to state a claim because he never alleges that he received

any calls from Surrey, or that Passport was authorized to use Surrey name/logo.   (Doc. 44 at 5-6).

Surrey further argues that Wagner's allegations are implausible because he has not provided any

reason why Surrey would hire Passport to solicit potential clients on CLC's behalf.  (*Id.* at 6-7). The Court finds Surrey's arguments unpersuasive.

Wagner has sufficiently alleged a claim against Surrey under § 227(b) of the TCPA. Wagner alleged that Surrey contracted with Passport to market Surrey's resort and timeshare properties.  (Doc. 39. ¶ 17).   Wagner also alleges that he received calls from Passport, and that the purpose of these calls was to pitch Surrey's timeshare products and to convince him to visit Surrey's sales offices.  (*Id.* ¶ 39).   Wagner contends that Passport placed the calls using an ATDS.  (*Id.* ¶ 28).   Wagner further alleges that he did not give Surrey or Passport consent to call him.  (*Id.* ¶ 44). Wagner also sufficiently alleged that Surrey is liable for Passport's action under three theories of vicarious liability—formal authority, apparent authority, and ratification.[1]   Based on the reasons above, Surrey's motion to dismiss Wagner's TCPA claim under section 227(b) will be denied.

### 2.   Wagner's section 227(b) Claim Against CLC

CLC contends that Wagner's complaint should be dismissed because he fails to allege that he received any calls directly from CLC, or that Passport made solicitations on CLC's behalf. (Doc. 43 at 5-6).   CLC further argues that Wagner's allegations are implausible because he has not provided any plausible reasons why CLC would hire Passport to solicit potential clients on Surrey's behalf. (*Id.*)   The Court also finds CLC's arguments unpersuasive.

Wagner asserted that CLC contracted with Passport to market CLC's resort and timeshare properties. (Doc. 39 ¶ 16).   Wagner also alleges that he received calls from Passport, and that the

---

[1] In regard to formal authority, Wagner alleged that Surrey contracted with Passport to market to potential consumers on its behalf.   (Doc. 39 ¶¶ 17-19, 27, 31-32).   Additionally, Wagner asserted that Surrey approved scripts used by Passport in the course of making telemarketing calls. (*Id.* ¶ 27).   Wagner alleged that Passport had apparent authority because Passport directed consumers to visit Surrey's respective sales offices, as well as the Grand Crowne Resorts Welcome Center, which is owned by Surrey.  (*Id.* ¶¶ 24-25, 36, 39).   Finally, Wagner alleged that Surrey ratified Passport's conduct by accepting the benefit of its actions. (*Id.* ¶¶ 30-32).

purpose of these calls was to pitch CLC's timeshare products and to convince him to visit CLC's sales offices. (*Id.* ¶ 34).   Wagner also alleged that Passport placed the calls using an ATDS (*id.* ¶ 28), and that the calls were placed without his consent (*id.* ¶ 44).   Wagner also sufficiently alleged that CLC is vicariously liable for Passport's actions.[2]   Thus, the Court will deny CLC's motion to dismiss Wagner's TCPA claim under section 227(b).

**B.      TCPA Claim Under Section 227(c)(5)**

To state a claim under section 227(c)(5) of the TCPA, a plaintiff must allege (1) receipt of more than one telephone call within any 12-month period (2) by or on behalf of the same entity (3) in violation of the regulations promulgated by the FCC.   47 U.S.C. § 227(c)(5).

**1.      Wagner's Section 227(c)(5) Claim Against Surrey and CLC**

Surrey contends that Wagner fails to state a claim under section 225(c)(5) because "only one … phone call was made in which Surrey's property was the subject of a telemarketing effort". (Doc. 44 at 8).   CLC makes a similar argument. (Doc. 43 at 7).   Surrey and CLC's arguments are without merit.   Wagner has alleged that on January 22nd, 24th, 29th, 30th, and 31st, he received calls from Passport for the purpose of pitching CLC and Surrey's timeshare products and to convince him to visit their respective sales offices. (*Id.* ¶¶ 33-34, 39, 41).   These allegations, combined with the allegations as to vicarious liability discussed *supra* and the allegations that the calls were made without his express consent and while his number was registered with the National Do Not Call

---

[2] As to formal authority, Wagner alleges that CLC contracted with Passport for the purpose of generating customers for CLC's resort and timeshare properties.   (Doc. 39 ¶¶ 16, 19, 21). Additionally, CLC exercised control by exercising its right to approve the scripts used by Passport to make telemarketing calls.   (*Id.* ¶ 26).   In regard to apparent authority, Wagner alleged that the contract between Passport and CLC specifically authorized Passport to use CLC's trade name and logo, and that Passport informed call recipients that the calls were being placed by CLC World – *i.e.*, CLC's trade name.   (*Id.* ¶¶ 22-23).   Finally, as to ratification, Wagner alleges that CLC accepted the benefits from Passport's telemarketing efforts. (*Id.* ¶¶ 30-32).

Registry (*Id.* at 47) are sufficient to state a claim under section 227(c)(5).    Thus, Surrey and CLC's motion to dismiss Wagner's 227(c)(5) claim will be denied.

### D.      Wagner's Section 227(c)(5) Claim Against Passport

As previously mentioned, to state a claim under 47 U.S.C. § 227(c)(5), one of the elements a plaintiff must allege is that the defendant violated regulations promulgated by the FCC. Wagner has alleged that Passport violated regulations 47 C.F.R. §§ 64.1200(c)(2) and (d). (Doc. 39 ¶¶ 67, 69). However, Passport contends that the Court should dismiss Wagner's claim because Wagner fails to allege that he received any calls from Passport beyond the 30-days prescribed under 47 C.F.R. § 64.1200(d)(3).    (Doc. 50 at 5-7).    Passport's argument is without merit.

Section 64.1200(d) states, "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber *unless* such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."  47 C.F.R. § 64.1200(d) (emphasis added).[3]  It then lists the "minimum standards" for these procedures, which includes honoring a telephone subscriber's request to be placed on the do-not-call request within thirty days from the date the request is made. 47 C.F.R. § 647.1200(d)(3).

Based on the wording of the regulation, a violation of section 64.1200(d) is "the initiation of the phone call without having implemented the minimum procedures."   *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 632 (6th Cir. 2009).   Wagner has properly alleged that Passport violated section 64.1200(d) by initiating calls for telemarketing purposes to telephone subscribers, including Wagner, without instituting procedures that comply with regulatory standards.   (Doc. 39 ¶ 69).

---

[3]  The rules set forth in 47 U.S.C. §§ 64.1200(c) and (d) are also applicable to wireless telephone numbers. *See* 47 C.F.R. § 64.1200(e).

Thus, Wagner's allegation that Passport violated 47 C.F.R. § 64.1200(d), supports his claim under Section 227(c)(5) of the TCPA.

Moreover, Wagner has asserted that Passport violated 47 C.F.R. § 64.1200(c)(2).   The 30-day grace period prescribed under 47 C.F.R. § 64.1200(d)(3) does not apply to a violation of 47 C.F.R. § 64.1200(c)(2).[4]   (Section 64.1200(c)(2) sets forth its own exemptions,[5] and Passport has not alleged that those exceptions apply in this case.)   Therefore, the Court will deny Passports' motion to dismiss Wagner's TCPA claim under section 227(c)(5).

### E.     Wagner's Potential Class Action

All three Defendants argue that Wagner's amended complaint should be dismissed because he is seeking to improperly "certify individualized claims for monetary relief under Federal Rule of Civil Procedure 23(b)(2)."   (Doc. 43 at 8; Doc. 44 at 9; Doc. 50 at 3).   Wagner argues, *inter* alia, that a dismissal based on class action allegations would be premature at this stage of the proceedings. The Court agrees.   "Dismissal at this stage is an *extreme* remedy appropriate only where a defendant demonstrates from the face of the complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove."   *Oginski v. Paragon Properties of Costa Rica, LLC,* No. 10-21720-CIV, 2011 WL 3489541 (S.D. Fla. Aug. 9, 2011) (emphasis added) (internal quotes and citations omitted).   Dismissing Wagner's amended complaint at this early stage would require a determination that class certification is impossible, and the Defendants have not made such a showing.

The Court finds that at the very least, Wagner's allegations in the amended complaint meet the threshold for asserting a class action.   Defendants' arguments are better suited as challenges to

---

[4] Each provision under the federal regulations has different exceptions.   Compare, 42 U.S.C. § 64.1200(c)(2)(i)(A)-(D) with 42 U.S.C.§ 64.1200(d)(1)-(7).
[5] *See* 42 C.F.R. § 641200(c)(2)(i)(A)-(D).

a motion for class certification, rather than as a basis for a motion to dismiss.   *Smith v. Rainey*, No. 8:-09-CV-1628-T-27, 2011 WL 4352179, *3 (M.D. Fla. Sept. 16, 2011).   Therefore, the Court will deny the Defendants' motion to dismiss Wagner's amended complaint.

**IV.**     **Conclusion**

It is therefore, **ORDERED** that:

The Motions to Dismiss (Docs. 43, 44, 50) are **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 1, 2014.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties