IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL WAGNER, individually and on
behalf of all others similarly situated,

        Plaintiff,                                Case No. 6:14-cv-281-Orl-31GJK

v.

CLC FRACTIONAL, LLC., a Florida limited
liability company, SURREY VACATION
RESORTS, INC., (d/b/a Grand Crowne
Resorts), a Missouri corporation, and
PASSPORT HOLIDAYS, LLC, a Florida
limited liability company,

        Defendants,

_____

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Passport Holidays, LLC., ("Passport") hereby answers the First Amended Complaint of Plaintiff, Michael Wagner, ("Wagner") as follows:

1. Passport admits that it is an independent contractor hired by various companies to answer telephone calls from their prospective customers and provide those customers with information. It admits that two of the companies that have hired it are CLC Fractional LLC ("CLC") and Surrey Vacation Resorts, Inc. ("Surrey"), but it is without knowledge of any relationship between them. Passport denies that it sells timeshares.

2. Passport admits that it arranges tours of timeshare resorts for some of its clients, including for CLC and for Surrey, but it denies that it markets vacation and timeshare offers. It is without knowledge regarding the activities of CLC or Surrey.

3. Passport denies that it makes any unsolicited telephone calls, including unsolicited calls to cellular telephones, and it denies that it violates the Telephone Consumer Protection Act ("TCPA").

4. Passport denies that it makes unsolicited telephone calls to any cellular telephone numbers, including the Plaintiff's, and is without knowledge as to the Plaintiff's actions.

5. Passport denies the allegations in paragraph 5.

6. Passport denies that any of its conduct was unlawful, and is without knowledge regarding in the remaining allegations.

7. Passport is without knowledge regarding the allegations of paragraph 7.

8. Passport is without knowledge regarding the allegations of paragraph 8.

9. Passport is without knowledge regarding the allegations of paragraph 9.

10. Passport admits the allegations of paragraph 10.

11. Passport denies it solicits customers or makes unsolicited calls. It admits the court's jurisdiction.

12. Passport admits the allegations contained in paragraph 12.

13. Passport is without knowledge regarding the allegations of paragraph 13.

14. Passport is without knowledge regarding the allegations of paragraph 14.

15. Passport admits it receives and returns telephone calls from prospective customers of Surrey and of CLC. It is without knowledge of calls made by CLC or Surrey and denies that it is engaged in telemarketing and denies the remaining allegations in paragraph 15.

16. Passport admits the allegations contained in paragraph 16.

17. Passport admits the allegations contained in paragraph 17.

18. Passport admits it answers and returns telephone calls but denies it is engaged in telemarketing and denies the remaining allegations contained in paragraph 18.

19. Passport denies that it is engaged in telemarketing or that it initiates unsolicited telephone calls, but it admits that it answers and sometimes returns telephone calls.

20. Passport denies that it is engaged in telemarketing or that it initiates unsolicited telephone calls, but it admits that it answers and sometimes returns telephone calls.

21. Passport admits that it received and returned telephone calls on behalf of CLC and Surrey in order to arrange timeshare tours and denies the remaining allegations.

22. Passport denies making unsolicited outbound calls. It admits that it uses its customer's name when receiving or returning telephone calls on behalf of that customer and denies the remaining allegations of paragraph 22.

23. Passport admits that using CLC's name was necessary for the performance of its services and denies the remaining allegations of paragraph 23.

24. Passport denies making unsolicited outbound calls. It admits that when receiving or returning calls on behalf of Surrey, it would direct customers to Surrey's resort and denies the remaining allegations of paragraph 24.

25. Passport is without knowledge concerning the allegations of paragraph 25.

26. Passport admits CLC had the right to approve the telephone scripts and is without knowledge with regard to the remaining allegations.

27. Passport admits that Surrey had the right to approve the telephone script, denies it makes telemarketing calls, and is without knowledge regarding the remaining allegations.

28. Passport denies that using an automatic dialing system or one that produces a significant number of abandoned calls. It admits it uses a progressive computerized telephone system capable of answering and returning telephone calls and denies the remaining allegations of paragraph 28.

29. Passport denies that it made unsolicited calls to the Plaintiff or anyone else. It is without knowledge from whom it initially received the right to call the Plaintiff's number.

30. Passport denies the allegations contained in paragraph 30.

31. Passport denies it made unsolicited telephone calls and admits the other allegations contained in paragraph 31.

32. Passport is without knowledge as to the allegations contained in paragraph 32.

33. Passport admits the allegations contained in paragraph 33.

34. Passport admits the it initially tried to arrange a tour of the Surrey resort, since the Plaintiff said he lived in South Carolina, but that after the Plaintiff changed his story and said he lived in Florida, Passport sought to arrange a tour of the CLC resort, closer to his home. The Plaintiff later reverted to saying he lived in South Carolina so Passport reverted to its original objective. All other allegations of paragraph 34 are denied.

35. Passport admits that CLC World was identified as the source of one call and is without knowledge regarding the remaining allegations.

36. Passport denies the allegations contained in paragraph 36.

37. Passport denies the allegations contained in paragraph 37. Specifically, Passport denies that the Plaintiff ever told Passport to stop calling.

38. Passport denies the allegations contained in paragraph 38.

39. Passport denies it made unsolicited calls to the Plaintiff or that it called the Plaintiff on behalf of Surrey and CLC, jointly. Passport admits that it made calls to and received calls from the Plaintiff for the purposes described in the answer to paragraph 34.

40. Passport denies the allegations contained in paragraph 40.

41. Passport admits it called the Plaintiff on January 24 to reschedule the appointment the Plaintiff had made to tour the Surrey resort and denies the remaining allegations contained in paragraph 41.

42. Passport denies the allegations contained in paragraph 42. Specifically, the Plaintiff engaged in conversations from the beginning and never requested that the calls stop.

43. Someone provided Passport with the Plaintiff's number, but Passport is without knowledge whether it was the Plaintiff or someone else. Passport denies that it makes telemarketing calls or that the Plaintiff failed to consent to the calls.

44. Passport admits the Plaintiff's consent was not in writing and denies the remaining allegations contained in paragraph 44.

45. Passport is without knowledge as to the allegations contained in paragraph 45.

46. Passport is without knowledge as to the allegations contained in paragraph 46.

47. Passport is without knowledge as to the allegations contained in paragraph 47.

48. Passport denies the allegations contained in paragraph 48.

49. Passport denies the allegations contained in paragraph 49.

50. Passport denies the allegations contained in paragraph 50.

51. Passport denies the allegations contained in paragraph 51

52. Passport admits the competence of counsel and denies the remaining allegations contained in paragraph 52.

53. Passport denies the allegations contained in paragraph 53.

54. Passport denies the allegations contained in paragraph 54.

55. Passport incorporates by reference its foregoing answers.

56. Passport denies the allegations contained in paragraph 56.

57. Passport denies the allegations contained in paragraph 57.

58. Passport denies the allegations contained in paragraph 58.

59. Passport denies the allegations contained in paragraph 59.

60. Passport denies the allegations contained in paragraph 60.

61. Passport denies the allegations contained in paragraph 61.

62. Passport incorporates by reference its foregoing answers.

63. Passport is without knowledge as to the allegations contained in paragraph 63.

64. Passport is without knowledge as to the allegations contained in paragraph 64.

65. Passport is without knowledge as to the allegations contained in paragraph 65.

66. Passport is without knowledge as to the allegations contained in paragraph 66.

67. Passport denies the allegations contained in paragraph 67.

68, Passport denies the allegations contained in paragraph 68.

69. Passport denies the allegations contained in paragraph 69.

70. Passport denies the allegations contained in paragraph 70.

71. Passport denies the allegations contained in paragraph 71.

72. Any allegations not otherwise addressed are hereby denied.

First Affirmative Defense

73. Any call made by Passport to anyone in violation of the Do Not Call List would be in error and contrary to Passport's routine business practice. Passport has established and implemented, with due case, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations governing the Do Not Call List, 47 C.F.R. §64.1200. Specifically, Passport complies with the requirements of 47 C.F.R. §64.1200(c)(2).

Second Affirmative Defense

74. Passport's calls to the Plaintiff were made as a result of an established business relationship. Even if the first call to the Plaintiff was made in error, the calls thereafter were the result of such an established business relationship.

I, Douglas A. Daniels, an attorney, hereby certify that on August 15, 2014, I served the above and foregoing Answer and Affirmative Defenses by causing a true and accurate copy of such paper to be filed and transmitted to counsel of record via the Court's CM/ECF electronic filing system.

/s/ Douglas A. Daniels
Douglas A. Daniels, Esquire
Florida Bar No. 337031
444 Seabreeze Blvd., Ste. 645
Daytona Beach, FL 32118
(386) 255-8118
(386) 255-8220 fax
Doug@danielslegal.com